Curia, per Evans, J.
The rule in sheriff’s sales is caveat emptor. The sheriff sells the interest of the defendant in the property, and the purchaser buys it, be it more or less. In the case of Moore vs. Aiken, 2 Hill, although it appeared that the defendant had no tifie, yet Aiken, who was the purchaser, was bound to pay his bid. Perry purchased whatever title E. Williams, the defendant, had to the negro. The contract was perfected by delivery, and he was bound by it. if the sheriff suffered him to take the negro without paying, the sheriff was answerable, and would have been compelled to pay, had there been an older execution. In this case, Perry’s was the oldest execution, and entitled him to the money; and for this reason he was permitted to take the negro without payment. If a third person had bought, and the money had been paid, would not the fi. fa. have been satisfied ? Certainly. Can it make any difference that Perry received the negro, instead of the money ? I think not. In Davis vs. Hunt, (2 Bailey, 412,) the purchaser was hel,d bound to pay, although he bought his own land, and did so under the supposition that his fa. fa. was the oldest. The principle of this case came up incidentally in the Appeal Court, in May, 1880, in the Equity case of Rowe vs. Cockrell. In that case it is said, “the sheriff is not bound to become a trespasser; and where an adverse claim is set up to the property, he is not bound to levy and sell without indemnity. But if he does sell, the oldest execution is entitled to the -money.”
When the sheriff’s sale is perfected, the oldest executions in his office are satisfied to the amount of the sale. But it is contended that as he indemnified the sheriff, and had to pay his bond of indemnity, a different rule should prevail. It may be a hard case, but the rules of law must prevail. In *47 the case of Adair vs. McDaniel & Cornwell, 1 Bailey, 158, a junior execution creditor indemnified the sheriff and bad to pay bis indemnity, whilst the money went to the older fi. fa. This circumstance, therefore, cannot better the plaintiff’s condition. It may be where the sheriff, without notice of any adverse claim, levies and sells, be may be allowed to keep the money to abide the event of a suit against him by one claiming to be the true owner. But this rule cannot be applied to the case of a purchaser. He buys without warranty, and to the extent of bis bid, where the contract is perfected by delivery, as was done in this case, the executions are satisfied. If the sheriff afterwards bad levied and sold, bis sale would have been void. When the sheriff has sold of defendants property sufficient to satisfy the execution, its authority ceases. This was decided in the case of Hunter vs. Stevenson, 1 Hill, 415. When once satisfied, it cannot be revived by showing that the property, by the sale of which the satisfaction was made, did.not belong to defendant. This would be putting the defendant in the position of a warrantor. A case of a defendant’s fraudulently procuring the property of a third person to be levied on and sold, to satisfy bis own debts, would probably require a different rule; but that does not apply to this case, there being no allegation of that kind.
The motion is dismissed.